UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RODNEY J. GLOVER**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                          **No. 20-545**

**REGIONS BANK, ET AL.**                                                            **SECTION I**

### ORDER & REASONS

This case involves *pro se* plaintiff Ronald J. Glover's ("Glover") "ongoing dispute" with Regions Bank concerning problematic transactions with his personal checking account.[1] In short, Glover alleges that Regions Bank improperly and unlawfully removed deposited funds from his account without his authorization.[2] Glover filed suit against the defendants to recover the amount of the deposited funds and $1,000,000 for "emotional damages, punitive damages and slander."[3]

Before the Court is a motion[4] by defendants Regions Bank and O.B. Grayson Hall, Jr. (collectively, "defendants") to dismiss Glover's claims with prejudice pursuant to Federal Rule of Civil Procedure 12 and compel arbitration or, alternatively, to stay all proceedings pending arbitration. The defendants argue that Glover's claims are subject to arbitration because Glover signed an agreement containing a binding arbitration provision when he opened his account with Regions Bank.[5]

---

[1] R. Doc. No. 1, at 1–2.
[2] *See id.* at 2.
[3] *Id.* Glover does not cite any statutory basis for his claims.
[4] R. Doc. No. 8.
[5] *See id.* at 3–4.

1

Glover's response was due on April 21, 2020, but to date, no opposition has been filed.[6] Accordingly, the Court considers the motion unopposed.

## I.

The defendants do not specify which section of Rule 12 of the Federal Rules of Civil Procedure they rely upon, yet they ask the Court to dismiss this action with prejudice.[7] The Fifth Circuit has not "definitively decided whether Rule 12(b)(1) or Rule 12(b)(3) is the proper rule for motions to dismiss based on an arbitration or forum-selection clause." *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n. 3 (5th Cir. 2010); *see Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 627 (5th Cir. 2015) (affirming dismissal "on the alternative ground that [the defendant] would have been entitled to prevail on a Rule 12(b)(1) or 12(b)(3) motion to dismiss the case because the dispute is covered by the arbitration clause"); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) (declining to address whether a motion to dismiss based on an arbitration clause is properly brought under Rule 12(b)(1) or Rule 12(b)(3)).

Regardless, "under both Rule 12(b)(1) and Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th

---

[6] Defense counsel filed a notice of service stating that a copy of the motion was sent via certified mail on April 13, 2020 to Glover's address on file. R. Doc. No. 9, at 1. Defense counsel then sent another copy of the motion to the same address on April 29, 2020 via FedEx and obtained confirmation that Glover received and signed for the delivery. *Id.*; R. Doc. No. 9-1, at 1.
[7] *See* R. Doc. No. 8, at 1.

Cir. 2009). When determining a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). Similarly, to decide a Rule 12(b)(3) motion, "the court may look outside of the complaint and its attachments and review the complaint supplemented by the undisputed facts evidenced in the record or by undisputed facts plus the court's resolution of disputed facts." *EnviroGLAS Prod., Inc. v. EnviroGLAS Prod., LLC*, 705 F. Supp. 2d 560, 567 (N.D. Tex. 2010) (citing *Ambraco*, 570 F.3d at 238). Such evidence may include extrinsic materials, including affidavits and other materials. *Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 589–90 (E.D. La. 2013) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004); *The CIT Group/Commercial Servs., Inc. v. Romansa Apparel, Inc.*, No. 02–954, 2003 WL 169208, at *2 (N.D. Tex. Jan. 21, 2003), *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); and *Tinsley v. Comm'r*, No. 96–1769, 1998 WL 59481, at *2 (N.D. Tex. Feb. 9, 1998)).

In addition, under both Rule 12(b)(1) and Rule 12(b)(3), the court must view all facts in the light most favorable to the plaintiff. *Ambraco*, 570 F.3d at 237; *see Lane v. Halliburton*, 529 F.3d at 557 (explaining that on a Rule 12(b)(1) motion, the court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff"); *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) ("On a Rule 12(b)(3) motion to

3

dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff.").

Arbitration is favored in the law. *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000). To adjudicate a motion to compel arbitration under the Federal Arbitration Act ("FAA"), the Fifth Circuit has outlined a two-step inquiry for courts to follow:

> The first step is to determine whether the parties agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. When deciding whether the parties agreed to arbitrate the dispute in question, "courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." In applying state law, however, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." The second step is to determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims."

*Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (citations omitted).

When all of a plaintiff's claims are subject to arbitration, the court may dismiss the case with prejudice. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 839 (5th Cir. 2018) ("Some circuits have held that district courts must stay a case when all claims are submitted to arbitration, but this circuit allows district courts to dismiss such claims outright.").

### III.

After reviewing the defendants' memorandum in support of their motion, the record, and the applicable law, and viewing all facts in Glover's favor, the Court

4

grants the motion to dismiss with prejudice and it compels arbitration.[8] Because Glover signed and executed a "Signature Card" when he opened his account that expressly incorporated a Deposit Agreement with a binding arbitration provision, Glover's dispute with Regions Bank must be submitted to arbitration.[9]

The arbitration provision states in pertinent part that Regions Bank or Glover "may elect to resolve by BINDING ARBITRATION any controversy, claim, counterclaim, dispute, or disagreement between [Glover] and [Regions Bank]."[10] A "claim" is given "the broadest possible meaning" and includes, *inter alia*, a dispute or disagreement arising out of, in connection with or relating to "any account," "the collection of any amounts due under the [Deposit] Agreement," and "any claim, demand or request for compensation or damages from or against [Regions Bank]."[11]

The record demonstrates that Glover's claims are subject to arbitration under the Deposit Agreement and his signed Signature Card. Glover has not alleged, nor is there any evidence supporting an allegation that, the arbitration agreement is not valid or that Glover's allegations against the defendants do not fall within the broad category of claims subject to the arbitration provision. Moreover, Glover has not shown that there are any legal constraints external to the parties' agreement that would foreclose the arbitration of his claims. *See Am. Heritage Life Ins. Co. v. Lang*,

---

[8] The Court need not decide whether the defendants' motion to dismiss is brought pursuant to Rule 12(b)(1) or Rule 12(b)(3). *See Murchison*, 625 F. App'x at 627.
[9] R. Doc. Nos. 8-2 & 8-3.
[10] R. Doc. No. 8-2, at 6–7.
[11] *Id.* at 7–8.

5

321 F.3d 533, 537 (5th Cir. 2003) (explaining that a party resisting arbitration "bears the burden of showing that the dispute is not arbitrable under § 4 of the FAA").

IV.

Accordingly,

**IT IS ORDERED** that the motion to dismiss with prejudice and compel arbitration is **GRANTED**. The parties shall resolve their dispute by binding arbitration.

**IT IS FURTHER ORDERED** that Glover's claims against the defendants are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, May 6, 2020.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**